**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TIFFANI BLASH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:25-cv-345 (MTT)** |
| ) | |
| **STATE OF GEORGIA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

## ORDER

Petitioner Tiffani Blash filed a pro se notice of removal of her state-court criminal action pursuant to 28 U.S.C. § 1443(1).  Doc. 1.  She also moved to proceed *in forma pauperis.*  Doc. 2.  Upon review, the Court finds that Blash's notice of removal is untimely, and even if timely filed, Blash has failed to show that this Court has subject matter jurisdiction under 28 U.S.C. § 1443(1).  Accordingly, removal is not permitted and this action is **REMANDED** to the state court.

## I. DISCUSSION

When a notice of removal of a state-court criminal action is filed, the Court must "examine the notice promptly … [and] [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.  28 U.S.C. § 1455(b)(4); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte …").  Following the review required by § 1455(b)(4), the Court determines this action must be remanded to the state court.

*1. Blash's notice of removal is untimely and she has failed to show good cause*

Blash was charged with cruelty to animals under O.C.G.A. § 16-12-4(b) in December 2024.  Docs. 1-1 at 6, 12-17.  The indictment was amended three times: on April 2, 2025, on May 20, 2025, and on June 24, 2025.  Doc. 1-1 at 18-21, 22-25, 26-29.  It is not clear from the notice of removal and exhibits the date of Blash's arraignment, but Blash "moves for leave of the Court to file this notice after 30 days from the arraignment date."  Doc. 1 at 2.  Section 1455 requires the removal of a criminal action to be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier[.]"  28 U.S.C. § 1455(b)(1).  If the petitioner shows good cause, the Court may extend the time to move for removal.  *Id*.

Blash concedes that her notice of removal was not timely filed and moves the Court for leave to file her notice after 30 days from her arraignment.  Doc. 1 at 2.  She states that she was "actively and diligently seeking evidence to support her claim for removal, but the investigation was complex and could not be completed within the 30-day timeframe."  *Id*.  It is unclear what Blash was investigating that prevented her from filing before the deadline, and she does not explain.  Rather, Blash argues that her attorney "incorrect[ly]" advised her that the federal court lacks jurisdiction over her case.  *Id*. at 3.  But as discussed below, removal jurisdiction under Section 1443 does not exist.  Thus, Blash has failed to show good cause for her delay.

*2. Blash's notice does not meet the requirements for removal under 28 U.S.C. § 1443(1)*

Section 1443(1) allows for the removal of a state court proceeding "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. §1443(1).  A defendant seeking removal under §

1443(1) must show (1) that "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal [right] in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). (quotations omitted). Under the first prong, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." *Id*. Rather, the federal law invoked must explicitly protect the petitioner's conduct and provide a right to be free from prosecution for that conduct. *Id.* Under the second prong, "the denial of [defendant's] equal civil rights must be 'manifest in a formal expression of state law.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (citation omitted). The only exception to this requirement is "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred by federal statute." *Id.*

Blash fails to satisfy either prong of this test. First, Blash has been charged with cruelty to animals under O.C.G.A. § 16-12-4(b). Doc. 1-1. She alleges that she has been denied "the right to challenge the composition of the trial jury pool" in state court. Doc. 1 at 4. She also alleges that she "was denied equal protection" because "the charges in this case were brought based on Racial motives." *Id*. Last, she alleges that she has been denied "a civil right under the Civil Rights Act of 1964 because Bibb County Courthouse won't allow anyone to wear things on their heads" and "a substantive due process right 'not to be in pain'" because the state court judge instructed her to not take any medication that would impair her ability to be clearheaded. *Id*. at 4-5. Removal under § 1443(1) is not warranted based solely on allegations that

the charges are unconstitutional, that the charges are groundless, or that the arrest and prosecution otherwise deny constitutional rights.  "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."  *Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).  Blash's broad assertions of constitutional deprivations are insufficient to support a valid claim for removal under § 1443(1).

Regarding the second prong, Blash has not alleged that some "state legislative or constitutional provision" renders her incapable of enforcing her federal rights in state court.  *Johnson*, 421 U.S. at 219.  Additionally, prosecuting Blash for cruelty to animals will not constitute the denial of her rights conferred to her by any federal statute. *Conley*, 245 F.3d at 1296.

The Court, therefore, lacks jurisdiction and this action must be remanded to the state court.

## II. CONCLUSION

For the foregoing reasons, this action is **REMANDED**.  Blash's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED as moot.**  The Clerk of Court is **DIRECTED** to close this case and to transmit a certified copy of this Order of Remand to the State Court of Bibb County, Georgia, Case No. 461927.

**SO ORDERED**, this 21th day of August, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT